UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW HALL,

      Plaintiff,                      CIVIL ACTION NO. 14-cv-12022

v.                                DISTRICT JUDGE THOMAS L. LUDINGTON

HARESH PANDYA, et al.,         MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [25]

Plaintiff Matthew Hall filed the instant *pro se* civil rights action on May 20, 2014 pursuant to 42 U.S.C. § 1983, alleging that Defendants Haresh Pandya and Corizon Health, Inc. were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (Docket no. 1.) Before the Court is Plaintiff's second Motion for Appointment of Counsel, which he filed on December 4, 2014.[1] (Docket no. 25.) Plaintiff asks the Court to appoint counsel because Plaintiff "is not able to afford counsel;" Plaintiff "has an excellent chance of success, but there are substantial disputes;" and "[t]he ends of justice would be best served in this case if an attorney was appointed to represent Plaintiff." (*Id*. at 1.)

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right.
> It is a privilege that is justified only by exceptional circumstances.
> In determining whether 'exceptional circumstances' exist, courts

---

[1] Plaintiff filed his first Motion for Appointment of Counsel on August 27, 2014 (docket no. 16), which the Court denied on September 5, 2014 (docket no. 17).

> have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotation marks and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (quoting Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995) ("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'")).

Again, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff. As the Court previously found, "Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process." (Docket no. 17 at 2.) Moreover, since the Court denied Plaintiff's first Motion for Appointment of Counsel on September 5, 2014, there has not been, and Plaintiff has not alleged, a change in circumstances that would warrant the appointment of counsel at this juncture. Accordingly, Plaintiff's second Motion for Appointment of Counsel (docket no. 25) is DENIED without prejudice.

**IT IS SO ORDERED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 15, 2015        s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

     I hereby certify that a copy of this Order was served upon Matthew Hall and Counsel of Record on this date.

Dated: April 15, 2015        s/ Lisa C. Bartlett
                             Case Manager