UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW HALL,

    Plaintiff,                   CIVIL ACTION NO. 14-cv-12022

v.                              DISTRICT JUDGE THOMAS L. LUDINGTON

HARESH PANDYA, et al.,       MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Matthew Hall, currently a prisoner at the Carson City Correctional Facility located in Carson City, Michigan, filed this *pro se* civil rights action on May 20, 2014, pursuant to 42 U.S.C. § 1983, alleging that Defendants Haresh Pandya and Corizon Health, Inc. were deliberately different to his medical needs in violation of the Eighth Amendment. (Docket no. 1.) This matter comes before the Court on Defendant Corizon Health, Inc.'s Motion for Summary Judgment, filed on February 23, 2015. (Docket no. 29.) Plaintiff responded to Defendant's Motion (docket no. 39), and Defendant replied to Plaintiff's Response (docket no. 40). This action has been referred to the undersigned for all pretrial purposes. (Docket no. 5.) The Court dispenses with oral argument on the motion pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant Corizon Health, Inc.'s Motion for Summary Judgment (docket no. 29) be **GRANTED**.

## II.     REPORT

### A.     Background

Plaintiff reportedly tore the anterior cruciate ligament (ACL) in his right knee on May 10, 2011, while playing basketball. (Docket no. 1 at 5; docket no. 39 at 7, 11.) According to Plaintiff, he was referred to a knee surgeon, who told him that he needed surgery to repair his ACL, prevent further damage to his knee, and improve his ability to walk. (Docket no. 1 at 5.) Plaintiff was unable to have knee surgery before he was incarcerated. Plaintiff alleges that once he was incarcerated, he informed Health Care Services of his knee injury and his need for surgery and a fiberoptic knee brace. Plaintiff further alleges that on July 24, 2013, Dr. Scott Holmes reviewed Plaintiff's MRI results and submitted a request for a knee brace. Plaintiff contends that Defendant Dr. Haresh Pandya, Regional Medical Officer (RMO), deferred the request for a knee brace without recommending an alternative course of treatment, and Dr. Holmes did not appeal the deferral.

Plaintiff asserts that he is in constant pain, which affects his daily activities, his sleep, and his ability to walk and stand for long periods of time. Plaintiff avers that he has persistently complained of this pain to Health Care Services, but nothing has been done to alleviate it. Plaintiff alleges that Health Care Services told him that they cannot provide him with a cane as a walking aide. He also alleges that a nurse told him that Defendant Corizon was not going to approve the cost for the type of knee brace that he required or for knee surgery. Plaintiff says that the nurse also told him that Defendant Corizon did not want to send prisoners to offsite doctors and hospitals because of the high cost involved.

Plaintiff claims that Defendant Corizon was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights by (1) denying him a fiberoptic knee brace

2

and surgery to repair his torn ACL because of cost and (2) having "a custom or policy of denying offsite hospital visits to inmates in order to increase its profitability."[1] (Docket no. 1 at 6.)

B. **Governing Law**

Defendant Corizon moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket no. 29.) Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

C. **Analysis**

To establish § 1983 liability against a corporation, whether public or private, a plaintiff must show that the defendant implemented a policy, custom, or practice that caused a deprivation of the Plaintiff's Eighth Amendment rights. *Starcher v. Corr. Med. Sys., Inc.*, 7 Fed.Appx. 459,

---

[1] Plaintiff concedes in his Response to Defendant's Motion that he is not suing Defendant Corizon under a theory of *respondeat superior*. (Docket no. 39 at 2.)

465 (6th Cir. 2001) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996)); *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir.1993) (a plaintiff must identify the policy, connect the policy to the defendant, and show that the particular injury was caused because of the execution of that policy). Thus, to support his claim, Plaintiff must show that his Eighth Amendment rights were violated and that the violation was caused by Defendant's policy, custom, or practice. *See Hullett v. Smiedendorf*, 52 F.Supp.2d 817, 828 (W.D. Mich. 1999).

Defendant Corizon asserts that the undisputed evidence shows that it did not deny Plaintiff a knee brace or reconstructive surgery due to cost and that it does not have a policy to deny treatment to inmates based on cost. (Docket no. 29 at 15.) Defendant Corizon further asserts that "[w]hile Plaintiff makes vague assertions regarding costs and profit concerns, he pleads absolutely no factual detail regarding any alleged unconstitutional policy of Corizon, what the alleged policy mandated or prohibited, what the alleged policy applied to, who allegedly executed the alleged policy, or how the alleged policy was executed relative to Plaintiff." (*Id*. at 16.)

The undersigned agrees with Defendant. Plaintiff has failed to identify any policy, custom, or practice that has been implemented, followed, or enforced by Defendant Corizon regarding the denial of medical treatment to Plaintiff or to other inmates for financial purposes. Moreover, Plaintiff has failed to provide any evidence of the same other than a vague factual allegation that a nurse told him so. Notably, Plaintiff does not disclose the identity of the nurse or the date, time, or location of the nurse's statements either in his Complaint or in his Response to Defendant's Motion. Furthermore, Plaintiff does nothing more in his Response to Defendant's Motion than generally reiterate his claims that Defendant Corizon deliberately denied Plaintiff's access to treatment and appropriate care and that it continues to willfully

disregard Plaintiff's serious medical needs. In doing so, he submitted and relies upon the pre-incarceration medical records related to his knee injury, which are wholly irrelevant to Plaintiff's claim that Defendant Corizon denied treatment to Plaintiff in furtherance of a cost-based policy. Neither Plaintiff's Complaint nor his Response contain one iota of evidence sufficient to support his claims against Defendant Corizon or to defeat an entry of summary judgment on Defendant Corizon's behalf. Accordingly, Defendant Corizon Health, Inc.'s Motion for Summary Judgment should be granted.

**D. Conclusion**

For the reasons stated herein, it is recommended that the Court **GRANT** Defendant Corizon Health, Inc.'s Motion for Summary Judgment (docket no. 29).

**III. NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 3, 2015 2015                s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Matthew Hall and counsel of record on this date.

Dated: August 3, 2015                     s/ Lisa C. Bartlett
                                          Case Manager