UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW HALL,

        Plaintiff,                      CIVIL ACTION NO. 14-cv-12022

      v.                                DISTRICT JUDGE THOMAS L. LUDINGTON

HARESH PANDYA, et al.,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Matthew Hall, currently a prisoner at the Carson City Correctional Facility located in Carson City, Michigan, filed this *pro se* civil rights action on May 20, 2014, pursuant to 42 U.S.C. § 1983, alleging that Defendants Haresh Pandya and Corizon Health, Inc. were deliberately indifferent to his medical needs in violation of the Eighth Amendment.[1] (Docket no. 1.) This matter comes before the Court on Defendant Pandya's Motion for Summary Judgment, filed on June 24, 2015. (Docket no. 43.) Plaintiff has not responded to Defendant's Motion. Also before the Court is Plaintiff's Motion for Enforcement of Federal Rule 23. (Docket no. 33.) A response to this Motion has not been filed. This action has been referred to the undersigned for all pretrial purposes. (Docket no. 5.) The Court dispenses with oral argument on the motions pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] Defendant Corizon Health, Inc.'s Motion for Summary Judgment was granted on September 4, 2015. (Docket no. 48.)

**I.      RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant Pandya's Motion for Summary Judgment (docket no. 43) be **GRANTED**, Plaintiff's Motion for Enforcement of Federal Rule 23 (docket no. 33) be **DENIED**, and Plaintiff's Complaint be dismissed in its entirety.

**II.     REPORT**

    **A.      Defendant Pandya's Motion for Summary Judgment [43]**

        *1.      Background*

Plaintiff reportedly tore the anterior cruciate ligament (ACL) in his right knee on May 10, 2011, while playing basketball. (Docket no. 1 at 5; docket no. 39 at 7, 11.) According to Plaintiff, he was referred to a knee surgeon, who told him that he needed surgery to repair his ACL, prevent further damage to his knee, and improve his ability to walk. (Docket no. 1 at 5.) Plaintiff was unable to have knee surgery before he was incarcerated. Plaintiff alleges that once he was incarcerated, he informed Health Care Services of his knee injury and his need for surgery and a fiberoptic knee brace. Plaintiff further alleges that on July 24, 2013, Dr. Scott Holmes reviewed Plaintiff's MRI results and submitted a request for a knee brace. Plaintiff contends that Defendant Dr. Haresh Pandya, Regional Medical Officer (RMO), deferred the request for a knee brace without recommending an alternative course of treatment, and Dr. Holmes did not appeal the deferral. Plaintiff asserts that he is in constant pain, which affects his daily activities, his sleep, and his ability to walk and stand for long periods of time. Plaintiff avers that he has persistently complained of this pain to Health Care Services, but nothing has been done to alleviate it.

Plaintiff's claim relevant to the instant motion is that Defendant Pandya was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights by "failing to approve the request submitted by Doctor Scott Holmes for a knee brace which [he] required in order to walk without being in excruciating pain." (Docket no. 1 at 6.)

2. *Governing Law*

Defendant Pandya moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket no. 43.) Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

3. *Analysis*

To establish a cognizable claim for a violation of the Eighth Amendment under a theory of deliberate indifference to a serious medical need, an inmate must show that he suffered from a

serious medical need and the official acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (emphasis and citations omitted). An official acts with deliberate indifference when he consciously disregards an excessive or substantial risk to inmate health or safety. *Farmer*, 511 U.S. at 837.

Differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. *Hill v. Haviland*, 68 F. App'x 603, 604 (6th Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). Thus, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "[W]hether . . . additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107 (a disagreement between a physician and the prisoner regarding the course of treatment does not state a claim of deliberate indifference).

In his Motion, and in a sworn affidavit submitted as an exhibit to his Motion, Defendant Pandya admits that upon receiving a special accommodation request for a knee brace from Plaintiff's treating medical practitioner, he reviewed Plaintiff's medical record and deferred the request. (Docket no. 43 at 7; docket no. 43-2 at 3, 4.) Defendant Pandya then directs the Court to Plaintiff's medical records to demonstrate that in addition to deferring the request for a knee brace, he also advised Plaintiff to strengthen his quadriceps muscle, avoid rapid turning, and

avoid all ball games and running. (Docket no. 43 at 7-8; docket no. 43-2 at 3, 4.) Defendant Pandya attests that his decision to defer the request for a knee brace was based on his medical judgment, and it was not made to punish Plaintiff. (Docket no. 43 at 8; docket no. 43-2 at 3.) He argues that Plaintiff's dispute is one over the adequacy of his medical treatment and that it does not state a federal constitutional claim, as Plaintiff received a significant amount of medical treatment for his knee. (Docket no. 43 at 12-13.) He further points out that his decision to defer the request for a knee brace is supported by the opinion of Dr. Steven P. Bergman, D.O. that a knee brace for Plaintiff was not medically necessary.[2] (*Id.* at 13 (citing docket no. 29-3 ¶ 15).)

The Court will accept, and Defendant concedes, for purposes of the instant motion that Plaintiff's torn ACL constitutes a serious medical need. (Docket no. 43 at 10.) Nevertheless, Plaintiff has not established that Defendant Pandya knew of and disregarded an excessive risk to Plaintiff's health and safety. This is not a case where Plaintiff received no treatment at all. The record shows that Plaintiff re-injured his right knee while playing basketball on January 5, 2013, allegedly re-aggravating his May 2011 ACL injury, and that since then he received regular medical treatment for his condition, including emergency room treatment, several medical appointments, an ice detail, pain relievers, an ACE wrap, and instructions to rest and apply warm and cold compresses. (*See* docket no. 31-1.) The record also shows that Plaintiff continued to play basketball despite his injury and Defendant Pandya's instructions, that he did not always wear the ACE wrap as instructed, and that he declined the use of crutches. (*See id*.)

Plaintiff objects to the adequacy of the aforementioned treatment, specifically to the deferment of his request for a knee brace. Essentially, Plaintiff disagrees with Defendant Pandya's medical judgment. But a disagreement over treatment does not give rise to a

---

[2] Dr. Bergman is employed as a Regional Medical Director by former Defendant Corizon Health, Inc. His opinion on the necessity of a knee brace for Plaintiff was submitted in his declaration to the Court attached as an exhibit to Defendant Corizon's Motion for Summary Judgment. (Docket no. 29-3.)

constitutional violation.  As such, Plaintiff's Eighth Amendment claim against Defendant Pandya does not rise to the level required to establish deliberate indifference to a serious medical need, and Defendant Pandya is entitled to qualified immunity.  Plaintiff has not set forth any evidence to defeat an entry of summary judgment in Defendant Pandya's favor.  Accordingly, Defendant Haresh Pandya, M.D.'s Motion for Summary Judgment should be granted.

### B.     Plaintiff's Motion for Enforcement of Federal Rule 23 [33]

Plaintiff filed a Motion for Enforcement of Federal Rule 23 on March 3, 2015.  (Docket no. 33.)  In this Motion, Plaintiff purportedly seeks enforcement of Federal Rule of Appellate Procedure 23 to prevent any custodial transfer of Plaintiff from the Carson City Correctional Facility while this case is pending.  Federal Rule of Appellate Procedure 23 provides:

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule.

Fed. R. App. P. 23(a).  This Rule, however, does not apply to the instant matter, as this is a prisoner civil rights complaint filed under 42 U.S.C. § 1983; it is not a habeas corpus proceeding.  (*See* docket no. 1.)  Accordingly, Plaintiff's Motion for Enforcement of Federal Rule 23 should be DENIED.[3]

### C.     Conclusion

For the reasons stated herein, it is recommended that the Court **GRANT** Defendant Pandya's Motion for Summary Judgment (docket no. 43), **DENY** Plaintiff's Motion for Enforcement of Federal Rule 23 (docket no. 33), and dismiss Plaintiff's Complaint in its entirety.

---

[3] In light of the contemporaneous recommendation to grant Defendant Pandya's Motion for Summary Judgment, Plaintiff's Motion may also be denied as moot.

6

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 3, 2015                s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Matthew Hall and counsel of record on this date.

Dated:  December 3, 2015                    s/ Lisa C. Bartlett
                                            Case Manager